UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20 MJ 02110-LOUIS

UNITED STATES OF AMERICA

v.

RICARDO ADOLFO LESMES NOGUERA,

Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013?   _____ Yes   __X__ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014?   _____ Yes   __X__ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: _____
TREVOR C. JONES
Assistant United States Attorney
Fla. Bar No. 0092973
99 Northeast 4th Street
Miami, FL. 33132-2111
Tel: (305) 961-9314
Fax: (305) 564-9109
Trevor.Jones@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

United States of America )
v. )
) Case No. 20 MJ 02110-LOUIS
RICARDO ADOLFO LESMES NOGUERA, )
)
)
*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 22, 2020__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 545 | Smuggling goods into the United States and |
| 18 U.S.C. § 1001 | making false statements. |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Andre Bruna, Task Force Officer, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __01/23/2020__

_____
*Judge's signature*

City and state: __Miami, Florida__     Lauren F. Louis, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Andre Bruna, being duly sworn, depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. Your Affiant, Homeland Security Investigations Task Force Officer Andre Bruna, is a duly and lawfully appointed law enforcement officer of the Sunrise Police Department and has been so employed there for approximately twenty (20) years. Your Affiant has spent approximately thirteen (13) years investigating money laundering and narcotics trafficking cases. Specifically, your Affiant has been part of the Homeland Security Investigations, Financial Strike Force ("HSI FSF") for the past three (3) years as a Task Force Officer ("TFO"). Prior to HSI Miami, your Affiant was part of the Drug Enforcement Administration, Miami Field Division ("DEA MFD") for seven (7) years as a TFO. Your Affiant also served on the South Florida Financial Crimes Strike Force ("SFFCSF") for approximately three (3) years. The HSI FSF, DEA MFD, and SFFCSF are all multi-agency law enforcement task forces that work with the United States Attorney's Office for the Southern District of Florida and other offices to identify, seize, and apprehend individuals and assets involved in illegal trades of domestic and international narcotics trafficking and money laundering related to South Florida. Prior to the above said assignments, your Affiant served in the United Stated Marine Corps for four (4) years and also earned a Bachelor's Degree in Criminal Justice.

2. I submit this Affidavit in support of a criminal complaint against Ricardo Adolfo Lesmes Noguera ("NOGUERA"). As explained below, there is probable cause to believe that on or about January 22, 2020, at Miami International Airport in Miami-Dade County, in the Southern District of Florida, NOGUERA: (i) knowingly and willfully made a false statement of material fact to officers of United States Customs and Border Protection ("CBP"), in violation of

Title 18, United States Code, Section 1001(a)(2); and (ii) knowingly and willfully, with intent to defraud the United States, attempted to smuggle merchandise, that is, approximately 1.58 kilograms of gold jewelry, into the United States, in violation of Title 18, United States Code, Section 545.

3. The information contained in this Affidavit is based on my personal knowledge, as well as information relayed to me by other law enforcement officials involved in this investigation. I have not included in this Affidavit each and every fact known to me about this investigation. Rather, I have included only the facts that are sufficient to establish probable cause to arrest NOGUERA for the violations described above.

## PROBABLE CAUSE

4. On or about January 22, 2020, at approximately 1:30 a.m., NOGUERA arrived at Miami International Airport from Bogota, Colombia. NOGUERA represented via CBP entry kiosk, under penalty of perjury, that he had no currency or monetary instruments over $10,000 and no commercial merchandise to declare. Then, CBP officers specifically asked NOGUERA if he was carrying any merchandise, including gold or other precious metals or stones. NOGUERA stated he had nothing to declare.

5. Subsequent inspection conducted by CBP revealed that NOGUERA was in fact carrying multiple items made of gold on his person and in his luggage.

6. CBP officers first located two gold dream catchers, wrapped in clothing, inside NOGUERA's luggage. NOGUERA claimed ownership of the gold dream catchers and then advised CBP officers that there was additional gold in his luggage. A further search of NOGUERA's luggage revealed multiple silver-colored, coin-shaped gold nuggets in different locations of the luggage. CBP officers removed the clothing in the luggage and

2

discovered more gold nuggets, charms, bracelets, rings, and chains throughout the inside compartments of the luggage.

7. Again, CBP officers asked NOGUERA if he had additional gold items to declare. NOGUERA stated "no." An inspection of NOGUERA's person revealed a gold necklace and a large gold nugget disguised as a charm and spray painted different colors.

8. In total, CBP officers found 1.58 kilograms of undeclared gold jewelry on NOGUERA and in his luggage. The current value for one kilogram of gold in the United States is approximately $50,100.

9. NOGUERA waived his *Miranda* rights and signed a Department of Homeland Security Waiver of Miranda Rights Form in Spanish. NOGUERA provided a recorded statement in Spanish. NOGUERA stated that he disguised the gold for its safety. NOGUERA further stated that he lied on the kiosk disclosure and to CBP officers. He admitted that he disguised the gold in different ways and concealed the gold in different places inside his luggage and that he purposefully was avoiding the Colombian export tax. NOGUERA advised that he brought undeclared gold into the United States on previous occasions.

[This space intentionally left blank]

## CONCLUSION

10. Based on the above information, I submit that there is probable cause to believe that on or about January 22, 2020, at Miami International Airport in Miami-Dade County, in the Southern District of Florida, NOGUERA: (i) knowingly and willfully made a false statement of material fact to officers of United States Customs and Border Protection ("CBP"), in violation of Title 18, United States Code, Section 1001(a)(2); and (ii) knowingly and willfully, with intent to defraud the United States, attempted to smuggle merchandise, that is, approximately 1.58 kilograms of gold jewelry, into the United States in violation of Title 18, United States Code, Section 545.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
ANDRE BRUNA, TASK FORCE OFFICER
HOMELAND SECURITY INVESTIGATIONS

Subscribed and sworn before me
this 23rd day of January, 2020.

_____
HON. LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 20 MJ02110 -LOUIS

### BOND RECOMMENDATION

DEFENDANT: RICARDO ADOLFO LESMES NOGUERA

Pre-Trial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA: Trevor C. Jones

Last Known Address: Unknown

What Facility: Federal Detention Center

Miami, Florida

Agent(s): Andre Bruna, TFO
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)
Homeland Security Investigations